# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS ANTONIO ARMENTA,<br><br>Defendant. | CASE NO. 10cv1567/06cr1242<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br><br>**[Docket No. 678]** |

This case returns to the Court on Defendant's motion to set aside, vacate or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response to the motion, and Defendant has filed a reply. After reviewing the motion, opposition, reply, and all supporting documents and the record on file herein, the Court denies the motion.

## I.

## BACKGROUND

On June 6, 2006, the Government filed an Indictment against Defendant Jesus Antonio Armenta alleging he violated 21 U.S.C. §§ 846 and 841(a)(1), conspiracy to distribute methamphetamine. Defendant was arrested on July 7, 2006, and appeared in Court for his arraignment on that date. Defendant pled guilty to the one count on September 19, 2007. On May 23, 2008, the Court sentenced Defendant to 210 months in custody followed by five (5) years supervised release. Defendant appealed

///

1  his sentence to the United States Court of Appeal for the Ninth Circuit, which affirmed his sentence.
2  Defendant filed the present motion on May 13, 2010.

## II.

## DISCUSSION

Defendant's motion raises a host of issues, but the Court discerns three primary arguments. First, Defendant asserts his sentence was unreasonable. Second, Defendant argues his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. Third, Defendant contends the Court erred in finding Defendant ineligible for safety valve consideration.

**A.  Reasonableness**

In response to Defendant's first argument, the Government asserts that argument may not serve as the basis for the present motion because it was raised and decided during Defendant's appeal. The Court agrees, *see United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000), and thus declines to address this argument any further.

**B.  Eighth Amendment**

"To violate the Eighth Amendment, 'a sentence within the limits set by a valid statute ... [must be] so grossly out of proportion to the severity of the crime as to shock our sense of justice.'" *United States v. Estrada-Plata*, 57 F.3d 757, 762 (9th Cir. 1995) (quoting *United States v. Cupa-Guillen*, 34 F.3d 860, 864 (9th Cir. 1994)). "Ordinarily, however, where the sentence imposed is within the limits prescribed by the statute for the offense committed, it will not be regarded as cruel and unusual." *Black v. United States*, 269 F.3d 38, 43 (9th Cir. 1959) (citing *Edwards v. United States*, 206 F.2d 855 (10th Cir. 1953)).

Here, Defendant was sentenced to a term within the limits provided by the statute. *See* 21 U.S.C. § 841(b)(1)(A). Defendant fails to explain why or how this sentence was grossly disproportionate to his crime. Accordingly, this argument does not warrant the granting of the motion.

**C.  Safety Valve**

Finally, Defendant argues the Court erred in determining he was ineligible for safety valve consideration. The Government points out, however, that Defendant did not assert he was safety valve eligible. Accordingly, since "[t]he defendant bears the burden of proving safety valve eligibility by a

1 preponderance of the evidence[,]" *United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007),
2 the Court did not err in declining to address Defendant's safety valve eligibility.

### III.
### CONCLUSION

For these reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 is denied.

**IT IS SO ORDERED**.

DATED: March 22, 2011

_____
HON. DANA M. SABRAW
United States District Judge